UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BORIS ROGINSKY,

                                   Plaintiff,

v.

M&T BANK,

                                   Defendant.
_____

**ORDER TO SHOW CAUSE**

19-cv-1613-LJV-JJM

        "Under Rule 11(c)(3) and the inherent power of the court, sanctions are appropriate where an individual has made a false statement to the court and has done so in bad faith." S.E.C. v. Smith, 710 F.3d 87, 97 (2d Cir. 2013). In light of plaintiff's deposition testimony [33-9],[1] the following allegations of his Verified Complaint [1] appear to have no factual support whatsoever:

        Paragraph 22 alleges that "[e]mployees of Defendant would drop money on the floor and hope that plaintiff would pick it hope so they could accuse him of being a thief". However, at his deposition plaintiff admitted that he was "referring to occasions where [he] would see money on the floor, but . . . wouldn't know how it got there", and when asked whether he ever "visually observe[d] someone at M and T dropping money on the floor", he replied "No, I did not". [33-9] at 65.

        Paragraphs 27 and 28 allege that "[p]laintiff was even subjected to harassment outside of work by Bank employees. For example, in or about February of 2015, Plaintiff was attending a friend's wake at a local hotel. Bank employees, Julieta Ross, Joe Hasset and Joe

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

Morrison where at the same venue for a Bank event. They followed Plaintiff and caused a scene." However, at his deposition plaintiff admitted that he did not know whether any of those three individuals were at the hotel at that time. [33-9] at 81.

Paragraph 29 alleges that "[p]laintiff and his wife were reported to an agency that they are spies". However, when asked at his deposition "do you allege that M and T Bank reported you to an agency as a spy?", plaintiff replied "I don't believe so". [33-9] at 86.

Paragraph 30 alleges that "Mr. S. Ziskind observed Plaintiff while he was on vacation with his family in the Dominican Republic for his 25th wedding anniversary. Upon information and belief, Mr. Todaro rewarded Mr. Ziskind for doing this by hiring his son as Bank SVP". At his deposition plaintiff testified that Ziskind "at some point was teaching my son violin", and that the person whom he saw in the Dominican Republic was "maybe [a] person which look a lot like him". [33-9] at 87.[2] However, when asked "what, if anything, does M and T have to do with the allegations of paragraph thirty", he replied "I'm not necessarily sure . . . . Mr. Ziskind could be there as a coincidence, and in terms of M and T involvement there, I'm not sure I can provide a connection". [33-9] at 88.

Paragraph 31 alleges that "[p]laintiff and his wife were entering a store and someone from the Bank stated 'the thieves are coming'." However, at his deposition plaintiff admitted that he was "not sure if it was someone from the bank who made this statement", stating "I have no support of that." [33-9] at 89.

Paragraph 32 alleges that "[s]omeone once placed a map of Russia on plaintiff's lawn at his residence. Bank employees tried to scare Plaintiff." At his deposition, plaintiff testified that "[i]t wasn't necessarily like a paper map or plastic map . . . . It was like an imprint

---

[2]     According to plaintiff's log, the person was "masked as African American Violin Player". [33-28] at 2.

of the map of Russia on the lawn". [33-9] at 91. However, when asked whether he "allege[d] that somebody associated with M and T Bank made this Russian imprint on [his] lawn", he replied "[w]e don't have that connection", and admitted that he does not "know whether M and T Bank had anything to do with what [he] saw on [his] lawn". Id. at 92.

On or before January 18, 2022, plaintiff and his attorney may argue (in writing) why the foregoing analysis of these allegations is incorrect or, if it *is* correct, why they should not be sanctioned for making the allegations.

Dated:  January 4, 2022

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge